UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-80088-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LESLIE GREY VANAMAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Enclosed is a CD containing recorded statements made by the defendant to an undercover HSI Special Agent on March 27, 2013.

2.  That portion of the written record containing the substance of any oral statement made by the defendants before or after arrest in response to interrogation by any person then known to the defendants to be a government agent is attached.

3.  No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant is attached.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 South Australian Avenue, Suite 400, West Palm Beach, Florida.  Please call the undersigned to set up a date and time that is convenient to both parties.  The undersigned will tentatively set the date for May 17, 2013 at 10 a.m.  Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

    6. A forensic examination of defendant's computer devices was conducted. The evidence recovered is contraband, but can be viewed by defense counsel during the discovery conference.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

    Pursuant to F.R.E. 404(b) to show defendant's motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, the government will seek to introduce evidence of defendant's prior conviction for Endangering the Welfare of a Child through Possession of Child

2

Pornography.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No narcotics contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The defendant has requested disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. The government intend to offer expert testimony in the field of computer forensics through HSI Special Agent Brian Ray. Attached is his curriculum vitae.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance

with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time: SEE INDICTMENT
        Date: SEE INDICTMENT
        Place: SEE INDICTMENT

The attachments to this response are numbered pages 1 - 100 .

The attachments also include 6 CDs:
1. 3/27/2013 audio recording referenced in A.1. above
2. shadephotography@yahoo.com records
3. audio files from defendant's computer
4. CPT interview of A.M.
5. CPT interview of V.M.
6. CPT interview of G.M.

Please contact the undersigned Assistant United States Attorney if any pages or CDs are missing.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

        By: *s/ Brandy Brentari Galler*
        Brandy Brentari Galler
        Assistant United States Attorney
        Court ID No. A5501296
        500 South Australian Avenue
        West Palm Beach, Florida 33401
        Tel: (561) 820-8711
        Fax: (561) 820-1787

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of this pleading, without attachments, was filed via the Court's electronic filing system and that a copy of this pleading, including attachments, will be sent via Federal Express on May 10, 2013, to Daryl Wilcox, AFPD, One East Broward Boulevard, Suite 1100, Fort Lauderdale, Florida 33301.

*s/ Brandy Brentari Galler*
Assistant United States Attorney