## POSITION OF PARTIES WITH
## RESPECT TO SENTENCING FACTORS

RE: Vanaman, Leslie Grey

**SD/FL PACTS NUMBER:** 115568

**DOCKET NO:** 113C 9:13CR80088

**OBJECTIONS DUE BY:** September 27, 2013

**DATE AVAILABLE for DISCLOSURE:** September 13, 2013

---

I have read the presentence investigation completed by the United States Probation Office.

_____ There are no disputed facts.

___X___ There are unresolved factual disputes which are attached.

Any objections counsel may have must be submitted to the U. S. Probation Office **within fourteen (14) days of the receipt of the presentence report**, at which time the U.S. Probation Office will prepare for the Court an addendum indicating any unresolved factual disputes or objections by counsel. **Objections will be filed in CM/ECF or provided directly to Chambers by the probation office under confidentiality protections.** The U.S. Probation Office does not recommend that objections be filed with the Clerk of the Court (via CM/ECF or otherwise).

_____     _____9/27/13_____
Vanaman, Leslie Grey             (Date)
Charles L. Waetcher                                                    Baltimore, MD

_____     _____
Brandy Brentari-Galler           (Date)                                West Palm Beach, FL

Return To:   Tracey L. Webb
             U.S. Probation Officer
             299 East Broward Blvd., Suite 409
             Fort Lauderdale, FL 33301-1865

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA           *

v.                                 *

LESLIE GREY VANAMAN                *    Case No.: 13-80088-CR-ZLOCH

Defendant                          *

           *     *     *     *     *     *     *

**DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

NOW COMES, Defendant, LESLIE GREY VANAMAN, by and through his attorney, CHARLES L. WAECHTER, ESQUIRE, and hereby submits the following objections to the Pre-Sentence Investigation Report, and as grounds therefore, says as follows:

1. The Defendant specifically avers that pursuant to Paragraph 27, he emphatically denies having any sexual contact with E.L. and E.K., and that the allegations contained in Paragraph 27 are false.

2. The Defendant specifically avers that pursuant to the adjustment for "Obstruction of Justice" section of Paragraph 29, that he never willfully obstructed or impeded or attempted to instruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction. The Defendant avers that he has no knowledge, memory or recollection of the password on the encrypted hard drives referred to in Paragraph 29.

3. Pursuant to Paragraph 37, the Defendant objects to the five point adjustment relating to his engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. The Defendant specifically alleges that it is improper double counting to group child pornography counts separately as reflected in Paragraphs 43 through 82 of the Pre-Sentence Investigation Report, when

the Defendant receives an enhancement for a pattern of activity. U.S. v. Runyan, 290 F.3d 223 (5th Cir. 2002.) Additionally, where the Defendant's prior offense (New Jersey Conviction 2004) did not involve physical sexual contact, the Courts have held that it was improper to apply the "Pattern of Sexual Exploitation" enhancement. U.S. v. Pharis, 176 F. 3d 434 (8th Cir. 1999.)

4. Pursuant to Paragraph 49, the Defendant objects to the two point adjustment, since he did not willfully obstruct or impede or attempt to obstruct or impede the Administration of Justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction.

5. Pursuant to Paragraph 57, the Defendant objects to the two point adjustment, since he did not willfully obstruct or impede or attempted to obstruct or impede the Administration of Justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction.

6. Pursuant to Paragraph 65, the Defendant objects to the two point adjustment, since he did not willfully obstruct or impede or attempted to obstruct or impede the Administration of Justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction.

7. The Defendant objects to the two point adjustment under Paragraph 69, pursuant to 2G2.1(b)(3), as the Government has no evidence that the Defendant distributed any sexually explicit images as defined as child pornography for victim V.M.

8. The Defendant simply objects to the reference in Paragraph 70, that he was the parent of the minor victim, V.M. He does agree, however, that the minor was in the custody, care or supervisory control of the Defendant. Therefore, the two point adjustment is appropriate.

9. Pursuant to Paragraph 73, the Defendant objects to the two point adjustment, since he did not willfully obstruct or impede or attempted to obstruct or impede the Administration of Justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction.

10. Pursuant to Paragraph 81, the Defendant objects to the two point adjustment, since he

did not willfully obstruct or impede or attempted to obstruct or impede the Administration of Justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction.

11. In the event that the Court grants the Defendant's objections to the aforesaid enhanced adjustments, the Defendant asserts that under the "Multiple Count Adjustment" section Paragraph 83, that his increase in offense level as contained in Paragraph 92, would be less than the 5 point assessment increase asserted in the Pre-Sentence Report, which ultimately is contained in Paragraph 93 relating to the combined adjustment offense level of 50.

12. The Defendant objects to the adjustment for "Acceptance of Responsibility" section Paragraph 95, wherein he was given a zero adjustment. Pursuant to Paragraph 6 of the Plea Agreement, the Government agreed to recommend at sentencing that the Court reduce by 2 levels the sentencing guideline level applicable to the Defendant's offense, pursuant to section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. Additionally, the government agreed to file a Motion requesting an additional 1 level decrease, pursuant to section 3E1.1(b) of the Sentencing Guidelines stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying the governmental authorities of his intention to enter a plea of guilty. Therefore, the Defendant avers that the adjustment for "Acceptance of Responsibility" should result in a 3 level decrease pursuant to section 3E1.1(b) of the Sentencing Guidelines. That pursuant to Paragraph 96, entitled "Total Offense Level" the Defendant avers that should the Court accept any additional downward adjustments as contained herein, the total offense level would be less than 43 as set forth in the Pre-Sentence Report.

Respectfully submitted,

_____
CHARLES L. WAECHTER, ESQUIRE
1435 Sulphur Spring Road
Baltimore, Maryland 21227
410-242-4745
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September __27__, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system notifying the United States Attorney's Office and U.S. Probation Office, and I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non CM/ECF participants:

Brandy Brentari Galler, Assistant U.S. Attorney
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401

Tracey L. Webb, Senior U.S. Probation Officer
299 East Broward Blvd., Suite 409
Fort Lauderdale, Florida 33301-1865

_____
CHARLES L. WAECHTER, ESQUIRE